IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. OHLER, | ) |
| Plaintiff, | ) 2:04-cv-00741 |
| v. | ) |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court for consideration and disposition is DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (*Document No. 35*). Plaintiff alleges that he was discharged from his employment due to his age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Pennsylvania Human Relations Act (PHRA).[1] After a thorough review of the motion, the brief in support, brief in opposition, reply brief and record submitted by both parties (*Document Nos. 36-38, 42-47*), the motion will be denied.

Plaintiff asserts a narrow challenge in which he contests only International Business Machine's (" IBM's") failure to assign him to one of several vacant positions in Dearborn, Michigan that were filled by significantly younger persons. Plaintiff has not challenged IBM's decision to retain Tracey Barbour in the Band 3 SSR position in Pittsburgh, nor does he contest its decision to hire John Stofen for the GE project or Joseph Hershberger for a position in Pittsburgh which related to the ABB contract.[2]

---

[1] The same analysis applies under each statute.

[2] In the event that Plaintiff seeks to contest these decisions in the future, the record demonstrates that IBM would be entitled to summary judgment.

The familiar *McDonnell Douglass* burden-shifting analysis applies to the circumstances of this matter. The Court concludes that Plaintiff has established the elements of a prima facie case, and that IBM has articulated a legitimate, non-discriminatory reason for his discharge and for its decision not to reassign him to the Michigan project. The Court concludes, however, that, drawing all reasonable inferences in favor of Plaintiff, a reasonable fact-finder could conclude that Defendant's cited reasons for the failure to reassign Ohler were pretextual and that the real reason was age discrimination.

IBM cites numerous reasons why Ohler was not transferred to Michigan. Initially, Thomas Kinkoph, Plaintiff's boss, contacted IBM human resource managers Cathe Moran and David Blinman about the possibility of a transfer. They informed Kinkoph that it was not likely that Ohler could be removed from the layoff list due to his last performance evaluation and because Ohler did not possess skills critical to the business. Second, IBM contends that the open "staff" positions required knowledge and experience working with Visteon Corporation, its new client in Dearborn, Michigan. Third, IBM contends that Plaintiff failed to seek other opportunities. Fourth, IBM states that the Michigan positions were not filled until after Ohler was terminated. Fifth, IBM contends that it had no legal obligation to assist Ohler.

There are "weaknesses, implausibilities, inconsistencies or contradictions" with IBM's proffered reasons. *See Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). As an initial matter, IBM took some steps to place Ohler on the Visteon project. An email dated October 15, 2003 states Kinkoph's view that Ohler was "fully trained" for the position. It was within Kinkoph's regional responsibility and Ohler was willing to relocate. In fact, Ohler had performed short-term positions in several different locations during previous slow periods. Based on Ohler's conversation with Kinkoph, he could have reasonably believed that it was not necessary for him

to officially apply for the Michigan project. Ohler Deposition at 98-100, 119-121. The team leader who was ultimately chosen for the Michigan project had no prior experience with Visteon. As Ohler correctly points out, IBM has failed to provide any documentation that prior Visteon experience was an essential job requirement. The other employees hired for the positions had all worked at different consulting firms, none had been employed by Visteon and none of their applications listed specialized skills over and/or above those that Ohler possessed. They were hired only days or weeks after Ohler was terminated. IBM cites to *Stacey v. Allied Stores Corp.*, 768 F.2d 402, 408 (D.C. Cir. 1985), for the proposition that it was not required to give an employee another position. In *Stacey*, the Court did not grant summary judgment, but instead upheld a jury's finding that the employer's stated reasons for failing to reassign the employee were pretextual.

     In summary, a reasonable fact-finder could certainly conclude that Ohler was terminated for legitimate, non-discriminatory reasons. However, in drawing every inference in the light most favorable to the non-moving party, as the Court must do at this stage, a reasonable fact-finder could conclude that IBM's stated reasons for the termination of Ohler were pretextual and that he was terminated due to his age.

                                                                McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. OHLER,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:04-cv-00741 |
| v. | ) | |
| | ) | |
| **INTERNATIONAL BUSINESS** | ) | |
| **MACHINES CORPORATION,** | ) | |
| | ) | |
| Defendant. | | |

## ORDER OF COURT

AND NOW, this 6th day of September, 2006, in accordance with the foregoing, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendant's Motion for Summary Judgment *(Document No. 35)* is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Dirk D. Beuth, Esquire
      Email: dbeuth@penn.com
      Neal A. Sanders, Esquire
      Email: lonas@earthlink.net

      A. Patricia Diulus-Myers, Esquire
      Email: diulusmp@jacksonlewis.com
      Mark D. Yablonski, Esquire
      Email: yablonsm@jacksonlewis.com